## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**SANDRA LEE**                                          **CIVIL ACTION NO. 23-604**

**VERSUS**                                              **JUDGE EDWARDS**

**CITY OF SHREVEPORT**                                  **MAGISTRATE JUDGE HORNSBY**

### MEMORANDUM RULING

 Before the Court is a Motion to Dismiss filed by the defendant, the City of Shreveport ("the City").[1]  Pursuant to this Court's Notice of Motion Setting, a response was due by August 22, 2023.[2]  On September 6, 2023, the plaintiff, Sandra Lee ("Ms. Lee"), filed her response to the motion.[3]  The response was stricken as untimely.[4]  Hence, the City's Motion is unopposed.[5]

 After careful consideration of the Motion, the record, and the applicable law, the Motion is **GRANTED** and Sandra Lee's claims against the City of Shreveport are **DISMISSED WITH PREJUDICE.**

### I.    BACKGROUND

 Ms. Lee is a former employee of the City.[6]  She alleges that the City engaged in unfair labor practices culminating in her forced departure on October 23, 2020; and that it owes her unpaid wages, liquidated damages, penalties, and attorney fees.[7]

---

[1] R. Doc. 4.
[2] R. Doc. 5.
[3] R. Doc. 6.
[4] R. Doc. 9.
[5] To be clear, the Court does not dispose of this case for want of a timely opposition; rather, it is disposed of for want of merit.
[6] R. Doc. 1 at 1.
[7] *Id.* at 1–6.

1

Foremost, Ms. Lee contends that she was misclassified in her role with the City—performing the duties of a superior title—and that she has yet to be compensated accordingly.[8]  She intimates causation between her complaining of the wage discrepancy and her resignation.[9]  Now, she seeks compensation.[10]

Notably, this is not Ms. Lee's first attempt to obtain relief from the City regarding her October 23, 2020, departure.[11]  In her first suit ("*Lee I*"), Ms. Lee sought relief under the Age Discrimination in Employment Act ("ADEA"),[12] Title VII of the Civil Rights Act of 1964 ("Title VII"),[13] and the Louisiana Employment Discrimination Law ("LEDL").[14]  Unable to prevail in that case,[15] Ms. Lee now brings this second suit ("*Lee II*") under the Fair Labor Standards Act ("FLSA"),[16] and the Louisiana Wage Payment Act ("LWPA").[17]

On August 7, 2023, the City filed the instant Motion to Dismiss, arguing that res judicata, and alternatively, prescription, bar this suit.[18]  The City contends that Ms. Lee's claims in this suit arise from the same facts—and could have been raised—in *Lee I*.[19]  Furthermore, the City argues that Ms. Lee's claims, under both the FLSA and the LWPA, prescribed before *Lee II* was filed on May 5, 2023.[20]

---

[8] *Id*. at 3.
[9] *Id*. at 2–3.
[10] *Id*. at 4–6.
[11] *See Lee v. City of Shreveport*, No. 21-CV-3232, 2022 WL 2161941 (W.D. La. June 15, 2022).
[12] 29 U.S.C. § 621, *et seq.*
[13] 42 U.S.C. § 2000e, *et seq.*
[14] La. R.S. 23:301, *et seq.*
[15] *Lee v. City of Shreveport,* No. 21-CV-3232, 2023 WL 1971331 (W.D. La. Feb. 10, 2023); *Lee v. City of Shreveport*, No. 21-CV-3232, 2022 WL 2161941 (W.D. La. June 15, 2022) (dispositive rulings).
[16] 29 U.S.C. § 201, *et seq.*
[17] La. R.S. 23:631, 633.
[18] R. Doc. 4 at 1.
[19] R. Doc. 4-1 at 1–3.
[20] *Id*. at 4–5.

## II.     LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face."[21]  A complaint attacked by Rule 12(b)(6) does not need detailed factual allegations but requires more than labels and conclusions.[22]  "[A] formulaic recitation of the elements of a cause of action will not do."[23]  When evaluating a pleading, courts must construe the complaint liberally and accept all factual allegations as true.[24]  However, courts need not accept legal conclusions as facts.[25]  In addition to facts alleged in the pleadings, the district court "may also consider matters of which [it] may take judicial notice."[26]  "And, it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."[27]

## III.     ANALYSIS

### A. Res Judicata

In the Fifth Circuit, "generally a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense."[28]  The Fifth Circuit has further noted that "[r]es judicata is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary

---

[21] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

[22] *Id.* at 555.

[23] *Id.*

[24] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[26] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996).

[27] *Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

[28] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

3

judgment or at trial."[29]  Nevertheless, "[d]ismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings."[30]

In making our res judicata determination here, we consider the pleadings filed in this suit, *Lee II,* and compare them with the pleadings filed and judgment rendered in *Lee I,* No. 21-CV-3232.[31]

"Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[32]  Res judicata has four elements:

> (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.[33]

The first three elements are not contested.[34]  Both suits involved Sandra Lee as the plaintiff and the City of Shreveport as the defendant.[35]  The United States District Court for the Western District of Louisiana had proper jurisdiction over *Lee I*, and a final judgment was rendered on *Lee I*'s merits.[36]

---

[29] *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. App'x. 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata.")).

[30] *Murry v. Gen. Servs. Admin.,* 553 Fed. Appx. 362, 364 (5th Cir. 2014) (citing *Kansa Reinsurance Co. v. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

[31] *See Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper.")

[32] *Petro-Hunt, L.L.C. v. United States,* 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.")).

[33] *Houston Pro. Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016) (cleaned up).

[34] R. Doc. 8 at 2–3.

[35] *See Lee I,* 2023 WL 1971331 at *1.

[36] *Id.* at *1, *3.

It is only the fourth and final element that is contested here: whether this suit involves "the same claim or cause of action" as the prior suit.[37]  "[T]o determine whether two suits involve the same cause of action for purposes of res judicata" "[t]he Fifth Circuit employs the transactional test."[38]  Under the transactional test, "[i]t is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted that defines the claim."[39]  And, res judicata "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated."[40]

In both *Lee I* and *Lee II*, Ms. Lee: (1) held the title of "Recreation Supervisor II" with the City; (2) alleges to have been performing the duties of "Recreation Superintendent" while remaining compensated as a Recreation Supervisor II; (3) asked for an audit of her position; (4) prevailed in that audit; (5) was determined to be entitled to back wages; and (6) was allegedly forced to resign on October 23, 2020, in response to the results of that audit.[41]  The Court thus finds that these "two actions are based on the same nucleus of operative facts."[42]

---

[37] *Houston Pro. Towing,* 812 F.3d at 447.  Although Ms. Lee's response has been stricken, the Court acknowledges that she only contested this element.  *See* R. Doc. 6.

[38] *BVS Constr., Inc. v. Prosperity Bank,* 18 F.4th 169,174 (5th Cir. 2021).

[39] *Houston Pro. Towing,* 812 F.3d at 447 (internal quotation marks omitted); *see also*, *Davis v. Dallas Area Rapid Transit,* 383 F.3d 309, 313 (5th Cir. 2004) ("The critical issue under the transactional test is whether the two actions are based on the 'same nucleus of operative facts.'").

[40] *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5th Cir. 1983) (en banc) (internal citation omitted) (alteration in original).

[41] *Lee I*, 2022 WL 2161941 at *1; *Lee II*, R. Doc. 1 at 2–3.

[42] *Davis,* 383 F.3d at 313 (internal quotation marks omitted).

In that same vein, the Court finds that Ms. Lee's current claims could have been raised in *Lee I*.[43]  Again, the Complaint in *Lee I* alleges the same facts underlying the City's owing and withholding of back wages that are now pleaded in *Lee II*.[44]  Furthermore, Ms. Lee sought these same back wages—albeit not under the statutes cited here—in *Lee I*.[45]

Accordingly, because Ms. Lee's unfair labor practice claims concerning her alleged underpayment and subsequent departure arise from the same series of transactions from which *Lee I* arose; and because Ms. Lee could have raised these claims in *Lee I* but failed to do so, *Lee II* must be dismissed [46]

## B. Statutes of Limitations / Prescription

Alternatively, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[47]   Any claim for back wages accrued when Ms. Lee resigned in October 2020—at the latest.[48]  Because the prescriptive periods lapsed in October 2021 for her LWPA claims and October 2022 for her FLSA claims, her claims are also time-barred.[49]

---

[43] *E.g., Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398, 403 (5th Cir. 2009).

[44] COMPLAINT*, Lee I,* No. 21-CV-3232 (W.D. La. Sept. 3, 2021), R. Doc. 1 at 8.

[45] *Id.* at 10.

[46] *See Oreck,* 560 F.3d at 403–04.

[47] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (internal citations omitted).

[48] *See Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271 (5th Cir.), *opinion modified on reh'g*, 826 F.2d 2 (5th Cir. 1987) ("A cause of action [under the FLSA] accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed.")

[49] *See* La. Civ. Code art. 3492 (prescribing a one-year period to bring tort claims); 29 U.S.C. § 255(a) (prescribing a two-year period to bring claims under FLSA absent bad faith by the employer).  Ms. Lee has failed to adequately allege bad faith for the purposes of applying a three-year statute of limitations to her FLSA claim.

## IV.    CONCLUSION

For the foregoing reasons, the City's Motion to Dismiss[50] is **GRANTED**, and Sandra Lee's claims against the City of Shreveport are **DISMISSED WITH PREJUDICE.**  A judgment consistent with this ruling shall be issued accordingly.

**THUS DONE AND SIGNED** this 28th day of June, 2024.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[50] R. Doc. 4.